Opinion by RAO, J. In accordance with stipulation of counsel that the merchandise consists of four-color prints similar in all material respects to those the subject of Abstract 60598, the claim of the plaintiff was sustained.

**No. 61337.**—The Kemper-Thomas Co. *v.* United States, protests 258880–K, 258882–K, and 258883–K (Cleveland).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of mechanical calendars the same in all material respects as those the subject of Abstract 60628, the claim of the plaintiff was sustained.

**No. 61338.**—Lang & Marshall Co., Inc. *v.* United States, protest 286786–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of vises the same in all material respects as those the subject of Abstract 59420, the claim of the plaintiff was sustained.

**No. 61339.**—Henry C. Schaerf Corp. *v.* United States, protests 298047–K and 312789–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of vises the same in all material respects as those the subject of Abstract 59420, the claim of the plaintiff was sustained.

**No. 61340.**—Julien Giguet, Inc. *v.* United States, protest 232083–K (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of veils or veilings similar in all material respects to those the subject of *Elvic Import Corp.* v. *United States* (38 Cust. Ct. 13, C. D. 1837), the claim of the plaintiff was sustained.

**No. 61341.**—William H. Katzenberg, Inc. *v.* United States, protest 296016–K (New York).

Opinion by FORD, J.   In accordance with stipulation of counsel that the merchandise consists of veils or veilings similar in all material respects to those the subject of *Elvic Import Corp.* v. *United States* (38 Cust. Ct. 13, C. D. 1837), the claim of the plaintiff was sustained.

BEFORE THE THIRD DIVISION, NOVEMBER 13, 1957

**No. 61342.**—Halsey Import Company v. United States, protest 294298–K (New York).

Opinion by JOHNSON, J.   At the trial, the collector's amended memorandum was received in evidence, reading as follows: "Following Appraiser's description & on appraised value as one piece the merchandise would now be properly classified at 45% under paragraph 212 of the Tariff Act of 1930."   On the record presented, the compotes were held dutiable at 45 percent under the provision in paragraph 212, as modified, *supra*, for decorated chinaware, not tableware, not containing 25 percent or more of calcined bone.

**No. 61343.**—Ignaz Strauss & Co., Inc., et al. v. United States, protests 148626–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of earthenware articles composed of a nonvitrified absorbent body, not artificially colored and composed wholly of clay, provided that if the body of such ware is covered wholly or in part with an engobe or body slip, the engobe or body slip shall be considered a part of the body, the claim of the plaintiffs was sustained.   (Abstract 51831 followed).

**No. 61344.**—Koscherak Bros., Inc. v. United States, protests 210589–K, etc. (New York).